UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALDWELL MANUFACTURING COMPANY NORTH AMERICA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AMESBURY GROUP, INC.,<br><br>Defendant. | Civil Action No. 11-CV-6183-T<br><br>JURY TRIAL DEMANDED |

## STIPULATED PROTECTIVE ORDER

Plaintiff Caldwell Manufacturing Company North America, LLC ("Plaintiff" or "Caldwell") and Defendant Amesbury Group, Inc. ("Defendant" or "Amesbury") anticipate that discovery in this action will require the production of documents, things, and testimony containing confidential, sensitive, or proprietary information requiring protection against unrestricted disclosure and use. To expedite discovery and limit disputes regarding access to such information, all parties stipulate:

1.    This order for the protection of confidential information ("Protective Order") shall be applicable to and shall govern without limitation all documents, materials, and information produced in response to requests for production of documents and things, depositions, interrogatory answers, responses to requests for admissions, any other discovery authorized by the Federal Rules of Civil Procedure, court testimony, and matters of evidence in connection with this case.

2.    Any party or non-party with a reasonable, good faith belief that any documents, materials, or information produced in this case is confidential may, at the time of production, and

LIBA/2299404.2

by written notice as described herein, designate such documents, materials, or information as "Confidential" or "Highly Confidential." The information so designated, collectively referred to herein as "Confidential Material," shall thereafter be subject to the provisions of this Protective Order. A party making such designation shall be referred to herein as the "Designating Party." A party receiving such Confidential Material shall be referred to herein as the "Receiving Party."

3.   Any documents, materials, or information to be designated Confidential Material may be so designated either by:

a.   Furnishing a written notice to the undersigned counsel for the Receiving Party such documents, materials, or information, at the time of their production or as soon thereafter as practicable, specifically identifying the documents, materials, or information to be so designated (for example, by identifying the document numbers) and their respective designations; or

b.   Affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on such documents, materials, or information prior to their production. Stamping such a legend on the cover of any multi-page document shall designate all pages of such document, unless otherwise indicated by the Designating Party.

4.   For purposes of this Protective Order, the term "Confidential" shall mean any and all documents, materials, or information concerning the products, projects, activities, marketing, promotion, business, or financial affairs of any Designating Party acquired in the course of the party's respective work that constitutes a trade secret, or other confidential research, development, or commercial information that such party believes in good faith would qualify for a protective order if sought from the Court. For purposes of this Protective Order, the term "Highly Confidential" shall mean any and all Confidential information that any Designating Party believes in good faith the disclosure of which would result in competitive injury.

5.   The inadvertent production of any Confidential Material during discovery in this case without a **"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"** designation shall be without prejudice to any claim that such material is Confidential or Highly Confidential,

2

privileged in any respect, or protected from discovery as trial preparation material. No party shall be held to have waived any rights by such inadvertent production. In the event that any document, material, or information that is subject to a claim of privilege or that is protected from discovery as trial preparation material is inadvertently produced, the party that received the document, material, or information shall either sequester the document, material, or information or return same, together with all copies thereof, to the producing party after it receives a written notice from the producing party that the document, material, or information was produced inadvertently. The receiving party may challenge the producing party's claim of attorney-client privilege and/or work product doctrine by making a motion to the Court.

6.      Subject to the provisions of the paragraphs below, Confidential Material shall be disclosed only to:

a.      The parties to this case whose counsel have executed this Protective Order on their behalf, including those officers, directors, agents, and employees of such parties who are deemed necessary to aid counsel in the prosecution or defense of this case;

b.      The Court, including Court personnel and members of the jury hearing this matter;

c.      Outside litigation counsel for the non-designating parties having made a formal appearance in this litigation, together with their respective associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of, this case;

d.      Outside vendors who perform data processing, photocopying, or similar clerical functions, but only for so long as and to the extent necessary to perform those services;

e.      Court reporters and other persons engaged in preparing transcripts of testimony of hearings in this case;

f.      Outside experts and/or advisors consulted by counsel in connection with this case, whether or not retained to testify at trial, together with associates and assistants engaged under their direct supervision;

LIBA/2299404.2

g.     A witness at any deposition in this case who is identified on the face of the Confidential Material as an author or recipient of the Confidential Material, subject to the provisions of paragraphs 12 and 13 of this Protective Order; and

h.     Any other persons to whom the Designating Party agrees in writing.

7.     Before being permitted access to Confidential Material subject to this Protective Order, any individual or business entity described in paragraphs 6(f) and (h) shall sign the form of agreement annexed hereto as Appendix A. An executed copy of such agreement shall be delivered to counsel for the Designating Party. The counsel of record for the party permitting disclosure shall retain the original of each agreement.

8.     Prior to disclosing any designated information of a producing party to an expert or advisor under this Protective Order, the party wishing to make such disclosure shall give at least three (3) business days' advance notice to the producing party, in writing, which states the name and address of the expert or advisor to whom disclosure will be made, the relationship of each such person to the parties, and provides a resume for the expert. If within the three (3) business day period, a notice is delivered objecting to the proposed disclosure, no disclosure may be made until the parties or the Court have resolved the issue. If the producing party does not object within such three (3) business day period, such expert or advisor shall be permitted such access. The experts and advisors may include consultants and experts the parties have retained to analyze products. In the event the producing party makes a timely objection, it must also seek relief from the Court within two (2) business days from the date the producing party made its written objection (or within such time as agreed by the parties); otherwise such expert or advisor shall be permitted such access.

9.     Should any party be required to produce or make discovery of any extraordinarily sensitive Confidential information, that party may designate such information as Highly

4

Confidential. In the event that a party designates information as Highly Confidential, the information shall be treated the same as and shall be subject to the same procedures as set forth in this Protective Order for information designated Confidential, except that such information shall not be disclosed to those identified in paragraphs 6(a) (except that information designated as Highly Confidential may be disclosed to in-house counsel for the parties who have executed this protective order and who need to know Confidential Material in order to fulfill his or her duties in connection with this litigation).

10.     All material designated Confidential Material in accordance with this Protective Order shall be used solely for the purposes of prosecuting or defending this case and in connection with any appeals thereof. It may not be used for any business or commercial purpose, or for any other litigations, administrative proceedings, or dispute resolution procedures, except by written agreement with the Designating Party or upon order of this Court after reasonable notice and a hearing at which the Designating and Receiving Parties shall have an opportunity to be heard. No person receiving any material designated as Confidential or Highly Confidential shall disclose such material to any person other than those described above, and such disclosure shall be in accordance with the terms of this Protective Order.

11.     This Protective Order shall not be construed to apply to information which:

a.      Is or becomes publicly known through no fault of the Receiving Party; or

b.      The Receiving Party or its counsel has, subsequent to the date of receipt of the information from the Designating Party, lawfully obtained from a third party or independently developed.

12.     All documents, material, or information disclosed at a deposition shall be treated as Highly Confidential until five business days after the testimony is given, unless counsel for the parties agree to a different period of time. During such period, any party to this case may notify another that designated portions of the testimony, specified by pages and lines thereof, are

Confidential or Highly Confidential. Such designated portions will then be treated as if so designated at the deposition. Any portions not so designated within the five day period may be used without restriction under this Protective Order.

13.      Upon good-faith assertion by counsel for the Designating Party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential Material, any person not entitled under paragraphs 6 and 9 to access to Confidential Material shall leave the deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court. The Confidential Material disclosed at the deposition or hearing shall not, directly or indirectly, in whole or in part, be disclosed or made available to any person, except those persons falling within categories defined at paragraph 6 with respect to information designated as Confidential and paragraph 9 with respect to information designated as Highly Confidential.

14.      Any motion to file a document under seal must comply with Local Rule 5.3 of this Court. All Confidential Material filed with the Court shall be placed in a sealed envelope with a notice on its face that the enclosed documents are to be "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND LOCAL RULES." Such documents shall also bear the confidentiality designation applicable to the material under this Protective Order. Any such filing with the Court must be accompanied by a motion, proposed order and supporting materials pursuant to Local Civil Rule 5.3(c) and the CM/ECF Administrative Procedures Guide, provided by the Party proposing to file the Confidential Material under seal and must request that the Court retain the documents under seal. Subject to the Court's approval, the Clerk of the Court is directed to maintain under seal all documents and other materials filed under seal with the Court.

6

15.     Within 60 days after the conclusion of this case and any appeals arising therefrom, all originals and copies of Confidential Material, other than material provided to the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to opposing counsel.  Alternatively, at the option of the Designating Party, and at that party's expense, a party may request all Confidential Material it produced be returned for its own disposition.  Except for Confidential Material included in counsel's work product that is securely stored, all extracts from Confidential Material, summaries, and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each Receiving Party.  The conclusion of this case shall not relieve any person who has received Confidential or Highly Confidential material pursuant to this Protective Order from the obligation to maintain the confidentiality of such material and the information contained therein.

16.     After the conclusion of this case and any appeals arising therefrom, counsel of record may retain such copies of any Confidential Material produced under this Protective Order as such counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action.  Such copies shall not be disclosed to anyone outside of counsel of record's firm.  If a subpoena or other compulsory process is received by counsel of record requesting such Confidential Material, counsel of record retaining the copy of the Confidential Material shall notify the Designating Party so that party may intervene and seek protection of its Confidential Material if it so chooses in the forum that issued the compulsory process.

17.     If any documents, information, or testimony are designated as Confidential or Highly Confidential, but are not believed in good faith to be Confidential or Highly Confidential by any Receiving Party, that party shall notify the Designating Party, in writing, and request a

LIBA/2299404.2

release of confidentiality.  If such a release is not forthcoming within five business days, the objecting party may apply to the Court for an order requiring the release of confidentiality.

18.     If any party hereto contends that any document, material, or information treated as Confidential or Highly Confidential, or otherwise subject to this Protective Order, is not entitled to such protection, the document, material, or information will nevertheless be treated as designated by the Designating Party until the Receiving Party either obtains written permission from the party furnishing the document, material, or information to do otherwise, or obtains an order from the Court finding that the document, material, or information does not constitute Confidential Material.  On any motion to the Court regarding a claim of confidentiality, the party seeking to assert same shall have the burden of proof and shall comply with the provisions of paragraph 14 to file any Confidential Material under seal.  The designation of a document, material, or information as Confidential or Highly Confidential shall not create any presumption with regard to the actual confidentiality of such document, material, or information, nor shall it affect the burden of proof necessary for obtaining an appropriate order from the Court.

19.     This Protective Order shall be without prejudice to the right of the parties to:

    a.     Bring before the Court at any time, subject to the procedural requirement of paragraph 18, the question of whether any particular document, material, or information is Confidential Material or whether its use should be restricted; or

    b.     Present a motion to the Court for a separate protective order, or other appropriate relief, as to any particular document, material, or information, including restrictions differing from those specified herein.

20.     This Protective Order shall not be deemed a waiver of any party's right to:

    a.     Object to any discovery request on any ground;

    b.     Seek an order compelling discovery with respect to any discovery request; or

8

LIBA/2299404.2

c.   Object to the admission of any evidence, on any grounds, in any proceeding.

21.   If Confidential or Highly Confidential documents, materials, information, or things are produced or disclosed without having been so designated, future disclosure of the documents, materials, information, or things may be restricted in accordance with this Protective Order by notifying the receiving parties in writing of the change in or addition of such restrictive designation with respect to the documents, materials, information, or things. The receiving parties shall then take reasonable steps to prevent any further disclosure of such newly designated Confidential or Highly Confidential documents, materials, information, or things, except as permitted by this Protective Order.

22.   If Confidential or Highly Confidential documents, materials, or information designated in accordance with the procedures of this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the counsel of record for the party whose Confidential Material was disclosed and, without prejudice to any other rights and remedies of the provider, make every effort to prevent further disclosure by the party responsible for disclosure or by the person or entity who was the recipient of such documents, materials, or information.

23.   The Court shall retain jurisdiction even after termination of this case to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The parties hereto may apply to the Court at any time, before or after termination, for an order modifying this Protective Order or seeking further protection against discovery or use of Confidential or Highly Confidential documents, materials, or information.

9

24.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence.

25.     The designation of documents, materials, and information as Confidential or Highly Confidential pursuant to this Protective Order shall not preclude any party from disclosing the information to any person who, in the case of a document, appears as the author or as a recipient thereof on the face of the document, or from disclosing the information to any person who has been identified by the Designating Party as having been previously provided with the document or the information therein, or from disclosing the information to an employee of the Designating Party.

26.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to a client with respect to this case, and, in the course thereof, referring to or relying in a general way upon the attorney's examination of Confidential Material produced or exchanged hereunder. Provided, however, that in rendering such advice and in otherwise communicating with their client, the attorney shall not disclose the contents or source of any Confidential Materials produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

27.     In the event anyone shall violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law.

28.    Notwithstanding any of the above, parties may make general references to Confidential Material in pleadings, motions, or briefs, provided that the substance of the Confidential Material is not revealed.

29.    The Court gives effect to Rule 502(d) of the Federal Rules of Evidence by ordering that no inadvertent disclosure of any information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity waives any privilege or protection (and therefore is also not a waiver in any other Federal or State proceeding) unless the Court explicitly orders otherwise. This Order applies to all information produced , including information that was only electronically screened prior to production and constitutes a reasonable step to prevent disclosure.

30.    The provisions of this Order shall also apply to materials and deposition testimony produced by third parties in discovery in this action, and third parties may designate their materials and deposition testimony as Confidential or Highly Confidential in accordance with the provisions of this Order.

LIBA/2299404.2

IT IS SO ORDERED:

Date: May 16, 2012 

Marian W Payson

Marian W. Payson
U.S. Magistrate Judge


AGREED:


/s/ Neal L. Slifkin
Neal L. Slifkin
Laura W. Smalley
Harris Beach PLLC
99 Garnsey Road
Pittsford, New York 14534


*Counsel for Plaintiff*
*CALDWELL MANUFACTURING COMPANY*
*NORTH AMERICA, LLC*

/s/ Sharon M. Porcellio
Sharon M. Porcellio
(sporcellio@wardgreenberg.com)
WARD GREENBERG
HELLER & REIDY LLP
300 State Street
Rochester, New York  14614
Tel.:  (585) 454-0716
Fax:  (585) 231-1943


OF COUNSEL

Douglas J. Kline
(dkline@goodwinprocter.com)
Michael Strapp
(mstrapp@goodwinprocter.com)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109-2881
Tel: (617) 570-1000
Fax: (617) 523-1231

*Counsel for Defendant*
*AMESBURY GROUP, INC.*

## APPENDIX A

I have read the foregoing Stipulated Protective Order dated May ___, 2012 (the "Protective Order") in the above-captioned action and agree to be bound by its terms with respect to any documents, material, or information designated as "Confidential" or "Highly Confidential" (collectively, "Confidential Material") furnished to be as set forth in the Protective Order.

I further agree not to disclose to anyone any documents, material, or information designated as Confidential Material other than as set forth in the Protective Order.

I hereby consent to the jurisdiction of the United States District Court for the Western District of New York with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, materials, or information designated as Confidential Material and furnished to me will be used by me only for the purposes permitted by the Protective Order and for no other purpose, including any business, commercial, professional, educational, personal, or any other purpose whatsoever, and will not be imparted by me to any other person except to the extent permitted under the Protective Order.

I further agree to return any and all documents, materials, or information designated as Confidential Material, together with all copies I may have made thereof, including any notes, memos, or the like I may have made that contain or reflect any such Confidential Material, to the attorneys that furnished me with any such documents, materials, or information (a) at the conclusion of the Action (as defined in the Protective Order); (b) at the conclusion of my engagement in connection with the Action; or (c) at the request of the attorneys who furnished me with such documents, materials, or information.

Dated_____

_____
(signature)

_____
(print full name)

14